**Opinion issued May 23, 2024**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00103-CV

————————————

**CAREL DIRK BOSMAN, Appellant**

**V.**

**MELISSA NICOLE BOSMAN, Appellee**

---

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Case No. 2022-67910**

---

## MEMORANDUM OPINION

Appellant, Carel Dirk Bosman, incarcerated and proceeding pro se, filed a notice of appeal from the trial court's November 11, 2022 "Protective Order."

We dismiss the appeal for lack of jurisdiction.

Generally, a notice of appeal is due within thirty days after the trial court signs its judgment. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to ninety days after the order is signed if, within thirty days after the judgment is signed, a party timely files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a); *see also* TEX. R. CIV. P. 329b. The time to file a notice of appeal may also be extended if, within fifteen days after the deadline to file the notice of appeal, a party files a notice of appeal and a motion for extension of time to file a notice of appeal that complies with Texas Rule of Appellate Procedure 10.5(b). *See* TEX. R. APP. P. 10.5(b), 26.3.

Here, the trial court signed its protective order on November 11, 2022. The record does not reflect that any post-judgment motions extending the notice-of-appeal deadline were filed. Accordingly, appellant's notice of appeal was due within thirty days after the trial court's order was signed—on or before December 12, 2022—or by December 27, 2022 with a fifteen-day extension. *See* TEX. R. APP. P. 4.1(a), 26.1, 26.3. However, appellant did not file his notice of appeal of the trial court's order until January 22, 2024.

Without a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. On March 5, 2024, the Clerk of this Court notified appellant that his appeal was subject to dismissal for lack of jurisdiction unless,

2

within fourteen days of the date of the notice, he filed a written response demonstrating that this Court has jurisdiction over his appeal. *See* TEX. R. APP. P. 42.3(a). In his response, appellant did not demonstrate that this Court has jurisdiction over his appeal, and instead asserted that he "had not intended to preoccupy the Court of Appeals with an untimely appeal."

Accordingly, we dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Landau, Countiss, and Guerra.